SCHWARZ, sheriff, *v.* NATIONAL PACKING CO. *et al.*

There was no abuse of discretion in granting the injunction and restraining the levy until there could be a fuller investigation of the questions involved, and an opportunity for each party to cross-examine the witnesses of the other.

Argued January 2, — Decided March 27, 1905.

Injunction. Before Judge Cann. Chatham superior court. October 26, 1904.

The National Packing Company and its agent, Ballew, filed a petition against Schwarz, sheriff, for an injunction to prevent the levy of an execution issued by the tax-collector of Chatham county, for $200, claimed to be due under section 2, paragraph 21, of the tax act of 1902, which imposes a special tax upon agents of packing-houses doing business in this State; and to prevent the arrest and prosecution of Ballew for failure to register and pay the tax. The petition alleges, that a packing-house is a place where the business of slaughtering animals and dressing and preparing the products of their carcasses for food and other commercial purposes is carried on; that the National Packing Company is not engaged in that business; that it is not a packing-house, nor the agent of a packing-house; that it is engaged in buying, selling, and dealing in, on its own account, cattle, sheep, hogs, poultry, fish, game, and all dairy, farm, and agricultural products and commodities, and in some packing-house products, such as fresh and cured meats, lard, canned goods, etc., but does not manufacture any of the products, and is not interested in any packing-house which manufactures them. The petition was verified, and was supported by affidavits. The sheriff in his answer alleges, that a packing-house is a warehouse for receiving goods, and that the National Packing Company has a packing-house in the city of Savannah; that it has a warehouse, fitted up with ice-boxes and other conveniences for keeping meats, where it receives meats of various kinds described in the petition, in car-load lots, and stores them, for the purpose of selling them to customers. The charter of the National Packing Company, which was introduced in evidence, is not in the record, but the bill of exceptions recites that the charter showed that the company had been incorporated in the State of Maine, with a capital stock of $10,000, and was "authorized to do the business of buying, selling, and dealing in, on its own account, cattle, sheep, hogs, poultry, fish, game, and all dairy, farm, and agricultural products and commodities, and also authorized to do a packing-house business." The case was heard under a rule to show cause, and the judge found as a fact that Ballew was not the agent of any packing house doing business in this State, and that the National Packing Company was not a packing-house doing business in this State; and thereupon granted the injunction. The sheriff excepted.

*John C. Hart, attorney-general,* and *W. W. Osborne, solicitor-general,* for plaintiff in error.

*Felder & Rountree* and *J. Ferris Cann,* contra.

LAMAR, J. The plaintiffs insisted that the National Packing Company was a merchant doing business in this State, and that Ballew was the agent of a merchant, and not the agent of a "packing-house doing business in this State." Acts 1902, p. 24, par. 21. The sheriff insisted that the charter and the name of the principal showed that it was a packing company, and that the agent was doing business in Georgia, and was therefore subject to the tax.

We have not before us the charter. There was certainly no abuse of discretion in granting the injunction and restraining the levy until after the matter could be determined on a fuller hearing with opportunity for each party to cross-examine the witnesses of the opposite party.

*Judgment affirmed. All the Justices concur.*